UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil action no.: 15-cv-339 ) |
| **KRENEK MOTORS, INC., d/b/a KRENEK RV**, a Michigan corporation, and **SCOTT KRENEK**, an individual, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **KRENEK MOTORS, INC. d/b/a KRENEK RV,** a Michigan corporation, and **SCOTT KRENEK,** an individual, (hereinafter collectively "defendants"), from violating the provisions of sections 7 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (the "Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant, **KRENEK MOTORS, INC., d/b/a KRENEK RV**, is and, at all times hereinafter mentioned, was a Michigan corporation with an office and a place of business at 6542 Ryno Road, Coloma, Michigan 49038, in Berrien County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the business of selling, leasing, and servicing new and used motorhomes and travel trailers and in the performance of related types of activities.

(B)     Defendant, **SCOTT KRENEK**, an individual, is the sole owner of the defendant corporation.  At all times hereinafter mentioned, **SCOTT KRENEK** was engaged in business within Berrien County at 6542 Ryno Road, Coloma, Michigan 49038, acting directly or indirectly in the interest of the company defendant in relation to its employees and is an employer within the meaning of section 3(d) of the Act, by paying employees, giving directions to employees, and overseeing the day-to-day operations of **KRENEK MOTORS, INC., d/b/a KRENEK RV.**

III

**KRENEK MOTORS, INC., D/B/A KRENEK RV**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

**KRENEK MOTORS, INC., D/B/A KRENEK RV,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter

mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Recreational vehicle technicians worked forty hours per week Monday through Friday and were paid a straight hourly wage for all hours worked without compensating said employees at rates not less than one and one-half times their regular rates for their overtime hours for hours worked on Saturdays.

VI

During the period since December 27, 2012, defendants have repeatedly violated the provisions of the Act as set forth above.  A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

3

      **A.**      For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

      **B.**      For an Order:

           **1.**      pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

           **2.**      pursuant to section 17 of the Act, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

      **C.**      For an Order awarding plaintiff the costs of this action; and

      **D.**      For an Order granting such other and further relief as may be necessary and

appropriate.

                              **M. PATRICIA SMITH**
                              Solicitor of Labor

                              **CHRISTINE Z. HERI**
                              Regional Solicitor

P.O. ADDRESS:                       s/Kevin M. Wilemon
                              **KEVIN M. WILEMON**
Office of the Solicitor            Trial Attorney
U.S. Department of Labor
230 S. Dearborn St., Room 844    Attorneys for **THOMAS E. PEREZ**,
Chicago, Illinois 60604            Secretary of Labor, United States
Telephone No.: 312/353-6973     Department of Labor, Plaintiff
Fax No.: 312/353-5698
E-mail: wilemon.kevin@dol.gov

Local Counsel:
**PATRICK A. MILES, JR.**
United States Attorney


/s/ *Jeanne F. Long*
**JEANNE F. LONG**
Assistant United States Attorney
Post Office Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
Jeanne.Long@usdoj.gov