UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil action no.: 1:15-cv-00339 |
| | ) | |
| **KRENEK MOTORS, INC., d/b/a KRENEK RV**, | ) | |
| a Michigan corporation, and **SCOTT KRENEK**, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT JUDGMENT**

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor

("Plaintiff"), having filed a complaint, and Defendants **KRENEK MOTORS, INC. d/b/a**

**KRENEK RV,** a Michigan corporation, and **SCOTT KRENEK,** an individual, (collectively,

"Defendants"), hereby appearing by counsel, acknowledge receipt of a copy of the complaint and

waive service thereof, having answered, and having been duly advised in the premises, agree to

the entry of this Consent Judgment without contest.  Now, therefore, upon motion of attorneys

for Plaintiff and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to sections 16(c)

and 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et. seq* (the "Act")

as follows.

**I**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** pursuant to section 17 of

the Act, that Defendants, their officers, agents, servants, employees, and all other persons in

active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

## III

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

## IV

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of Plaintiff and against Defendants in the total amount of $11,478.46.

2

**A.**        Defendants shall pay to Plaintiff the sum of $5,739.23, which represents the

unpaid, gross overtime compensation hereby found to be due, for the period May 24, 2014,

through May 31, 2014, for Erik Bakken (due $31.79), and for the period April 6, 2013, through

December 27, 2014, for Maurice Bakken (due $5,707.44).  The sum of $5,739.23 in unpaid,

gross overtime compensation shall be paid by Defendants to Erik Bakken and Maurice Bakken

within fifteen days of the entry of this Consent Judgment.

**B.**        Defendants shall further pay to Plaintiff as liquidated damages the additional sum

of $5,739.23 hereby found to be due, for the period May 24, 2014, through May 31, 2014, for

Erik Bakken (due $31.79), and for the period April 6, 2013, through December 27, 2014, for

Maurice Bakken (due $5,707.44).  The sum of $5,739.23 in liquidated damages shall be paid by

Defendants to Erik Bakken and Maurice Bakken within fifteen days of the entry of this Consent

Judgment.

V

The monetary provisions of Paragraph IV of this Consent Judgment shall be deemed

satisfied by Defendants, upon the following:

**A.**        Defendants shall provide a schedule, in duplicate, showing the name, last known

address, social security number, gross amount of wages due, amounts deducted from gross wages

for social security and withholding taxes, and the net amount of such payment for Erik Bakken

and Maurice Bakken.  Nothing in this Consent Judgment precludes Defendants from complying

with court-issued wage deduction and child support orders from the payments being made

pursuant to this Consent Judgment.  Said schedule shall be forwarded to the U.S. Department of

Labor, Wage and Hour Division, 800 Monroe Ave., NW, Suite 315, Grand Rapids, Michigan,

49503, within fifteen days of the entry of this Consent Judgment.

**B.**      Defendants shall issue separate checks, payable to Erik Bakken and Maurice

Bakken in a net amount, after deducting the amount of legal deductions and other required

withholdings required by law.  Said deductions shall be paid by Defendants to the appropriate

authorities as required by law.

1.      All checks are to be sent via First-Class or certified mail to Erik Bakken

and Maurice Bakken within the time periods set forth in Paragraph IV above.  These individual

checks shall be void if they are not cashed within sixty days of their issuances, and the face of

the checks shall reflect this deadline.  Alternatively, checks can be paid through Krenek RV's

direct deposit system.

2.      After the individual checks become void, the amounts of the individual

checks that have not been negotiated, as well as any checks returned to Defendants, the checks

shall be combined into one aggregate net check, made payable to the "U.S. Department of Labor

– Wage and Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour

Division, at the address listed in Paragraph V(A) above, within ninety days of the entry of this

Consent Judgment.  The check containing the sum of the unnegotiated checks shall be

accompanied by a letter identifying the case name as *Perez v. Krenek Motors, Inc.*, and include

the employer's tax identification number, as well as a list of all employees for whom money is

deposited with Plaintiff.

3.      If there is a default in the sending of individual checks or delivery to the

U.S. Department of Labor of the  aforesaid checks by over fifteen days, the total remaining

amount due from Defendants will become automatically and immediately due, plus an additional

ten percent of any remaining amounts due to be prorated among the employees who have not yet

received their respective payments.

4.      Further, Defendants shall forward copies of the front and back of the checks, check stubs, and/or a copy of the payroll register and signed copies of the WH-58 Receipt Form, which shall accompany all back wage checks distributed, by certified mail, to the U.S. Department of Labor, Wage and Hour Division, within thirty days of the entry of this Consent Judgment.

## VI

Plaintiff shall distribute the proceeds of the checks referred to in Paragraph V(B) hereof, or the proceeds thereof, to Erik Bakken and Maurice Bakken, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation or liquidated damages not so paid within a period of three years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

## VII

Defendants hereby acknowledge that Defendants employed employees in and about their place of business at 6542 Ryno Road, Coloma, Michigan 49038 who, on a regular and recurring basis, were engaged in commerce in that at least two employees processed sales orders and credit financing, and ordered parts and supplies from an out-of-state business.

Defendants hereby acknowledge that Defendant **SCOTT KRENEK,** individually, acted directly or indirectly in the interest of the corporate Defendant **KRENEK MOTORS, INC. d/b/a KRENEK RV**, and thereby is an "employer" under section 3(d) of the Act.

## VIII

In order to ensure compliance with the provisions of this Consent Judgment and with the Act, Defendants further agree as follows:

A.      If Defendants intend to claim an exemption to the overtime requirements of the Act, prior to claiming such exemption Defendants shall notify each affected employee in writing. Defendant shall inform such employees of the exemption Defendants intend to claim and the basis for claiming the exemption.

B.      Defendants shall display the Fair Labor Standards Act Minimum Wage Poster (available at http://www.dol.gov/whd/regs/compliance/posters/flsa.htm) in a prominent place where it will be seen by Defendants' employees.

## IX

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

DATED _____August 19_____, 2015


_____/s/ Paul L. Maloney_____
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this Consent Judgment:

**FOR THE SECRETARY OF LABOR:**

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

DATED: 8/17/2015

**KEVIN M. WILEMON**
Attorney

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604

**FOR THE DEFENDANT:**

FOR KRENEK MOTORS, INC. d/b/a KRENEK RV:

Dated: 8-17-15 , 2015

SCOTT KRENEK

FOR SCOTT KRENEK:

Dated: 8-17-15 , 2015

SCOTT KRENEK

APPROVED AS TO FORM
COUNSEL FOR DEFENDANTS:

Dated: 8-17-15 , 2015

MICHAEL DOLENGA, ESQ.
Dolenga & Dolenga, LLC

7